Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
(415) 882-7900
(415) 882-9287–Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, RUSS BURNS, in their respective capacities as Trustees of the OPERATING ENGNEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; PENSION TRUST FUND FOR OPERATING ENGINEERS; PENSIONED OPERATING ENGINEERS HEALTH AND WELFARE FUND; OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICESHIP, APPRENTICE AND JOURNEYMEN AFFIRMATIVE ACTION TRAINING FUND; OPERATING ENGINEERS VACATION AND HOLIDAY PLAN; OPERATING ENGINEERS CONTRACT ADMINISTRATION TRUST FUND; OPERATING ENGINEERS MARKET PRESERVATION TRUST FUND; OPERATING ENGINEERS INDUSTRY STABILIZATION TRUST FUND; BUSINESS DEVELOPMENT TRUST FUND; AND HEAVY AND HIGHWAY COMMITTEE,<br><br>    Plaintiffs,<br><br>v.<br><br>DUN ENGINEERING SERVICES, INC., a California Corporation and MARK THOMAS JONES, an Individual,<br><br>    Defendants. | Case No.: C07-4995 JL<br><br>**COMPLAINT TO COMPEL AUDIT** |

-1-
**COMPLAINT TO COMPEL AUDIT**
**Case No.: C07-4995 JL**

Parties

1. The Operating Engineers Health and Welfare Trust Fund for Northern California; Pension Trust Fund for Operating Engineers (which includes the Pension Plan for the Pension Trust Fund for Operating Engineers, and the Operating Engineers Annuity Plan); Pensioned Operating Engineers Health and Welfare Fund; Operating Engineers and Participating Employers Pre-Apprenticeship; Apprentice and Journeyman Affirmative Action Training Fund; and Operating Engineers Vacation and Holiday Plan are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). They and their fiduciaries are together referred to herein as "ERISA Plaintiffs." Gil Crosthwaite and Russ Burns are Co-Chairmen of the Joint Boards of Trustees of the ERISA Plaintiffs with authority to act on behalf of all Trustees.

2. Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union") is a labor organization as defined in § 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5).

3. DUN ENGINEERING SERVICES, INC. ("Dun") and MARK THOMAS JONES ("Jones") are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2), and Mark Thomas Jones personally guaranteed payment of fringe benefits. They are referred to herein as "Defendants".

Jurisdiction

4. Jurisdiction exists in this Court over the claims asserted by the ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that the ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

5. Jurisdiction exists in this Court over all the claims by virtue of Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that the plaintiffs seek to enforce the terms and conditions of a collective bargaining agreement between the employer and a labor organization.

6. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

<u>Venue</u>

7. Venue exists in this Court with respect to the claims under ERISA § 502 because all of the plans of the ERISA Plaintiffs are administered within this district and the breach took place in this district.

8. Venue exists in this Court with respect to the claims under LMRA §301(a) because this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

<u>Intradistrict Assignment</u>

9. The basis for assignment of this action to this court's San Francisco Division is that all of the events and omissions giving rise to plaintiffs' claims occurred in the County of San Francisco, where the ERISA Plaintiff funds and union dues, were administered during the period claimed herein, and where defendants therefore failed to fulfill its statutory and contractual obligations to the plaintiffs.

///

///

-3-
**COMPLAINT TO COMPEL AUDIT**
**Case No.: C07-4995 JL**

Bargaining Agreement

10. The Union and defendants entered into a collective bargaining agreements requiring employer contributions to the Plaintiff Funds, and to the Union for union dues and to other Trust Funds more fully described in the Master Agreement between the Union and the Associated General Contractors of California, Inc., which is incorporated into the Independent Northern California Construction Agreement, and into the Private Work Agreement for Fresno Area ('Fresno'), to which Dun is signatory. That Agreement is referred to herein as the "Bargaining Agreement," and the ERISA Plaintiffs and Trust Funds are third party beneficiaries of those Bargaining Agreements.

11. The Operating Engineers Market Preservation Fund, Operating Engineers Industry Stabilization Trust Fund, Business Development Trust Fund, and Heavy and Highway Committee, together referred to herein as 'Trust Funds,' are funds for which plaintiff Boards of Trustees are the assignees of monies due under the Bargaining Agreement.

12. MARK THOMAS JONES is a guarantor for plaintiffs' claim, pursuant to the terms of the Independent Northern California Construction Agreement.

13. Under the terms of said Bargaining Agreements and of the governing documents of the ERISA Plaintiffs which documents are incorporated into the Bargaining Agreement and made binding on defendants, defendants are required to submit monthly reports of hours worked by its employees, and to regularly pay to the Plaintiff ERISA Funds, to the Union for union dues, and to the Trust Funds, certain sums of money, the amounts of which are determined by the hours worked by employees of defendants, all as more fully set forth in said Bargaining Agreement. Also under the terms of said Bargaining Agreement and the governing documents of the Plaintiff Funds, defendants agreed to pay liquidated damages for each delinquent payment, which become part of the contributions. Defendants further agreed to pay interest on the combined contributions

-4-
COMPLAINT TO COMPEL AUDIT
Case No.: C07-4995 JL

and liquidated damages at the rates set by the Bargaining Agreements, from the day immediately following the date that each such payment became due until paid in full, all as more fully set forth or incorporated into said Bargaining Agreements.

14.     Under the terms of said Bargaining Agreements and of the governing documents of the ERISA Plaintiffs which documents are incorporated into the Bargaining Agreements and made binding on defendants, defendants are required to permit an authorized Trust Fund representative to examine such records of defendants as is necessary to determine whether defendants have made full payment of all sums owed to the Plaintiffs, all as more fully set forth in said governing documents, as amended, and incorporated into the Bargaining Agreements.

<u>Facts</u>

15.     On several occasions, written demands were made on defendants on behalf of plaintiffs, to schedule an audit and provide records for examination pursuant to the terms of the Collective Bargaining Agreements and the governing documents of the ERISA Plaintiffs, for the period January 1, 2004 through date of audit.

16.     Defendants have refused and continue to refuse to provide records and to permit an authorized representative of the Plaintiffs to examine defendants' records as are necessary to determine whether defendants have made full payment of all sums owed to the plaintiffs for the period January 1, 2004 through date of audit.

17.     Defendants have a statutory duty to make required payments timely to the ERISA Plaintiffs under ERISA § 515, 29 U.S.C. § 1145.

18.     Defendants' failure and refusal to provide records and to permit examination of its records as alleged herein to determine if defendants have met their obligations was at all times, and still is, willful. Defendants continue to breach said Bargaining Agreements, and the governing documents of the ERISA Plaintiffs which documents are incorporated into the Bargaining

-5-
**COMPLAINT TO COMPEL AUDIT**
**Case No.: C07-4995 JL**

Agreements and made binding on defendants, by failing to permit examination of its records as alleged. Said refusal is unjustified and done with malicious intent.

19.   Defendants have a contractual duty under the Bargaining Agreements to timely make required contributions, liquidated damages and interest to the ERISA Plaintiffs and the Funds, and to timely make the required payment of union dues to the Union. Defendants failed to make timely contributions for the periods August 2001-December 2001, December 2002-January 2003, June 2003, August 2004-September 2004, and December 2003-July 2007. By failing to make such timely payments as required, defendants have breached said duty, incurring liquidated damages and interest, which defendants have failed and refused to pay.

20.   Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless defendants are ordered specifically to perform all obligations required on defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, the Bargaining Agreements, and the governing documents of the Plaintiffs Funds referred to therein, and are restrained from continuing to refuse to perform as required thereunder.

21.   This Court is authorized to issue injunctive relief based on traditional standard. As set forth above, plaintiffs have a strong likelihood of success on the merits, there is the possibility that the Board of Trustees and the participants will suffer irreparable injuries, and the balance of hardships and advancement of public interest favor plaintiffs.

Prayer

WHEREFORE, Plaintiffs pray as follows:

1.   For an order requiring defendants to provide certain records and to submit to an audit of such records by a date certain for the period January 1, 2004 through date of audit; and

///

-6-
COMPLAINT TO COMPEL AUDIT
Case No.: C07-4995 JL

2. For judgment against defendants in favor of the ERISA Plaintiffs and the Union, in an amount equal to:

    a. Any unpaid contributions, due at time of Judgment, including any contributions determined as due by said audit of defendants' records for the period January 1, 2004 through date of audit pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

        (1) To the ERISA Plaintiffs, in accordance with ERISA Section 502(g)(2)(A), 29 U.S.C. Section 1132(g)(2)(A) and the Bargaining Agreements;

        (2) To the Union, in accordance with the Bargaining Agreements;

    b. Liquidated damages in an amount equal to the greater of:

        (1) Interest on the unpaid contributions, or

        (2) Liquidated damages provided for under the Bargaining Agreements on the aforementioned unpaid and late paid contributions, in accordance with the Bargaining Agreements, the governing documents of the ERISA Plaintiffs, and with respect to the ERISA Plaintiffs, ERISA Section 502(g)(2), 29 U.S.C. Section 1132(g)(2).

    c. Interest on any unpaid and late paid contributions and dues, and on liquidated damages, at the rates and in accordance with the Bargaining Agreements, the governing documents of the ERISA Plaintiffs, ERISA Section 502(g)(2)(B), 29 U.S.C. Section 1132(g)(2)(B), with respect to the ERISA Plaintiffs, and the applicable legal rate with respect to dues and where otherwise appropriate.

3. For any additional contributions and dues payable to plaintiffs and the Bargained Plans as third party beneficiaries of the Bargaining Agreements at time of judgment, plus interest and liquidated damages as above provided and in accordance with the Bargaining Agreements, the governing documents of the ERISA Plaintiffs and, with respect to the ERISA Plaintiffs, ERISA Section 502(g)(2), 29 U.S.C. Section 1132(g)(2).

4. ERISA Plaintiffs' reasonable attorneys' fees and costs of this action in accordance with ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D); and in accordance with the collective bargaining agreements for all Bargained Plans, and with LMRA Section 301, 29 U.S.C. § 185 for all plaintiffs.

5. For an order,

    (a) requiring that defendants comply with their obligations to plaintiffs under the terms of the Bargaining Agreements and the governing documents referred to therein;

    (b) enjoining defendants from violating the terms of those documents and of ERISA; and

    (c) enjoining defendants from disposing of any assets until said terms have been complied with, and from continuing or operating of defendants' business until said terms have been complied with.

5. That the Court retain jurisdiction of this case pending compliance with its orders.

6. For such other and further relief as the Court may deem just and proper.

Dated: September 25, 2007        SALTZMAN & JOHNSON LAW CORPORATION


By:_____/s/_____
      Muriel B. Kaplan
      Attorneys for Plaintiffs

-8-
**COMPLAINT TO COMPEL AUDIT**
**Case No.: C07-4995 JL**